### E. B. WHEELOCK & CO. v. W. B. WRIGHT.

1. It is incompetent to prove the declarations of an agent in a suit against the principal, except such declarations be part of the transaction in controversy.
2. The improper admission of immaterial testimony is no cause of reversal.
3. Under the statute allowing parties to testify, it is not error to allow such testimony to be given by depositions.

APPEAL from Red River. Tried below before the Hon. A. H. Latimer.

The appellee brought suit by attachment against appellants for the proceeds of two certain drafts, in February, 1861, placed in the hands of one John L. Williams, a general agent of appellees. Williams signed a receipt for the drafts as agent for appellants; and plaintiff claimed that the drafts were collected by appellants.

The appellants denied the agency of Williams, denied that they ever received the drafts, and payment of the money due on them.

The testimony was contradictory.    The plaintiff on the stand testified to the facts material to his case.

The depositions of Wheelock, appellant, were read, denying the agency of Williams to bind the firm, and testifying that the drafts had not been received or collected by them.    The witness testifying after careful inspection of the books of the firm.

One John A. Peel, for plaintiff, testified that John S. Williams, in 1861, told witness that he had received two drafts for plaintiff for collection, and had forwarded them to the house of E. B. Wheelock & Co.    This conversation was in the summer of 1861, and Williams said he had got the drafts in the winter or spring preceding ; that it was customary for agents of mercantile houses in New Orleans, traveling through the country in their interests, to take drafts from parties through the country for collection, and the proceeds to be applied as directed by the parties, paid over to other parties or placed to their credit whenever directed.    Witness has done so frequently, and considered his house bound for his acts.

Judgment for plaintiff, and appeal by E. B. Wheelock & Co.

*Walton & Green*, for appellants.—The judgment of the court below should be reversed, and a new trial ordered, because of the following errors :

I.    The court erred in permitting the unsworn statements of John L. Williams to go to the jury as evidence in the case.

This error alone is of sufficient gravity, and is sufficiently prejudicial to the appellants, to demand the prompt reversal of the judgment.

The only instance in which the statements or admissions of an agent (even where the agency is admitted or proved beyond a doubt), can be introduced as against his

principal, is where the admissions or statements form part of the *res gestæ.* (Story on Agency, §§ 134 to 137.)

The declaration of Williams, in reference to the fact of his (Williams) having sent the drafts to Wheelock & Co., was made in the summer of 1861.

The transaction about which the dispute arises occurred February 1, 1861.

In Thalmeyer v. Brinkerhoff, 4 Wend., 394, Marcy, J., holds the law to be that "What he (the agent) said at another time, though it related to the same transaction, is not admissible testimony;" and this view has been expressly adopted as the law by this court, by Hemphill, J., in Bingham *et al.* v. Carr, 21 Texas, 147; and again spoken of as a "well recognized principle," in Lacoste v. Bexar County, 28 Texas, 424, in which case such evidence is denounced as "hearsay."

It is said by Chief Justice Tyndal in the case, Garth v. Howard, 8 Bing. R., 451, "It is dangerous to open the door to the declarations of agents, beyond what the cases have already done:" the tenor of the opinion being, after admitting the law as to their admissibility as part of the *res gestæ*, rather to deplore their admission on any terms, than to encourage them.

In the case before the court, this error of the court was peculiarly and fatally prejudicial to the rights of the appellants.

Without this declaration of the man Williams, the evidence is, to say the most, equally balanced.

True, the appellee swears to an admission on the part of appellants; but E. B. Wheelock, the partner by whom the admission is alleged to have been made, as positively denies any benefit derived or connection with the drafts; and it cannot but appear to this court that the probabilities are strong that this declaration on the part of the man who assumed to be, and was recognized as, the agent of

appellants, constitutes the preponderance of evidence which turned the scales against them.

Most certainly it is strongly coroborative of Wright's side of the contradictory allegations.  It was admitted as evidence, and the jury were, under their oaths, bound to respect it as such.

The witnesses, Wright and Wheelock, stood on equal footing until it was introduced.  The jury should have decided the cause without this evidence being before them.  It was before them, and most unquestionably improperly before them, and for this reason the judgment should be reversed.  In the charge of the court the judge says, in terms, "The statement of Williams whilst acting as agent of Wheelock & Co., is evidence against them."

II.  The judgment is erroneous in holding appellants liable for the acts of another (Williams) when his agency for them is not proved.

Appellants deny the agency of Williams both in their sworn answer, and E. B. Wheelock swears in his testimony that Williams was not authorized at the time as the agent of E. B. Wheelock & Co., for any purpose.

As to proof of agency, where the authority is questioned by the principal, see Trustees, etc., v. Bledsoe, 5 Ind., 133; Mussy v. Beecher, 3 Cush., 517; Brigham v. Peters, 1 Gray, 145.

*Hancock & West*, for appellee, cited Story on Agency, Sec. 135; 4 Texas, 89, Edrington v. Kigler.

WALKER, J.—This case comes before us on the evidence mainly.  It is true a bill of exceptions was taken long after the trial to the charges of the court, and an objection is urged to the admission of the evidence of John A. Teal. The evidence of this witness certainly could do the appellants no harm ; it was rather in their favor, and though it

was really incompetent to go to the jury; as it was evidently more favorable to the appellants than to the appellees, it could do them no harm.

Certainly the fact that E. B. Wheelock's testimony was offered in the form of a deposition and not delivered in person to the jury forms no reason in the world for giving him a new trial. Wheelock's evidence went to the jury without cross-examination; the appellee was also a witness, and was cross-examined before a jury. Indeed, the jury, having all the evidence before them, as well as some of the witnesses, must be regarded as better judges of the facts than this court can be.

Finding no error in law requiring a reversal of the judgment by this court, it is affirmed.

AFFIRMED.